### HOEY v. ROSS.

1. Compromise and Settlement—Checks—Conditional Payment—Offer and Acceptance—Accord and Satisfaction—Estoppel.

Acceptance by plaintiffs of a check sent by defendants in full settlement of a purchase of logs, bearing on its back the statement that it was in full settlement of the timber that had been received and if not correct, to return check, indorsment meant receipt in full, barred any action for an alleged balance on account, the amount of indebtedness having been in dispute, and operated as a compromise of the items in controversy, although plaintiffs replied to defendants' letter accompanying the check that they had applied the remittance on account, and claimed a balance unpaid of $1,207.24.[1]

2. Same—Burden—Evidence.

Under testimony of an undisputed character, that defendants sent the check indorsed as above and that plaintiffs accepted their proposition by cashing it, there was no question for the jury; the evidence satisfied the burden of proof resting on the defendants and the issue was one of law.

---

[1] On accord and satisfaction by part payment, see note in 20 L. R. A. 785.

On acceptance of remittance of part of the amount of an unliquidated or disputed claim, accompanied with the statement that it is "in full" or words of similar import, as assent to its receipt in full payment, see notes in 14 L. R. A. (N. S.) 443, 27 L. R. A. (N. S.) 439.

Error to Bay; Collins, J. Submitted October 15, 1915. (Docket No. 126.) Decided December 21, 1915. Rehearing denied April 21, 1916.

Assumpsit by William T. Hoey and Henry D. Franks, copartners as the Western Cedar & Lumber Company, against John C. Ross and Norris R. Wentworth, copartners, etc., for goods sold and delivered. Judgment for defendants on a directed verdict. Plaintiffs bring error. Affirmed.

*I. S. Canfield,* for appellants.

*Stoddard & McMillan,* for appellees.

OSTRANDER, J. The action is assumpsit for the value of certain sawlogs. With the plea defendants gave notice that they would prove in their defense, among other things, that, the plaintiffs having made a demand upon defendants for a large sum of money claimed to be due to plaintiffs for the logs mentioned in plaintiffs' bill of particulars, defendants in good faith disputed the amount of the demand, and, the parties being unable to agree with respect to the amount due to plaintiffs from defendants, the defendants offered and tendered to the said plaintiffs, in full payment, settlement, and satisfaction of plaintiffs' demand on account of said logs, the sum of $1,797.45, for which amount defendants gave their check to plaintiffs in compromise and settlement of the plaintiffs' said claim, and the same was received and accepted by the plaintiffs under and in accordance with the terms and conditions accompanying the said offer and tender.

Testimony was introduced tending to prove the truth of these matters, and the trial court, being of opinion that an accord and satisfaction was conclusively established, directed a verdict for defendants. If the direction was right, other questions raised by assignments of error need not be considered.

The demand of the plaintiffs was unliquidated. The statement, letter, and check of the defendants, dated December 15, 1914, went to plaintiffs after a considerable correspondence between the parties, which correspondence indicates clearly that neither accepted the factors which the other employed in arriving at the sum which defendants ought to pay. As early as September 10, 1914, plaintiffs claimed to have completed the delivery of logs under its contract of March 14, 1914,.and sent to defendants a statement which showed an unpaid balance of $3,004.69. This statement was questioned by defendants, who also asserted that plaintiffs had not delivered the logs as they had contracted to do. After some correspondence and after the logs had been freighted by boat or by rail from Thunder Bay, where plaintiffs were to deliver them, to Bay City, at defendants' cost, and on November 27, 1914, plaintiffs again requested defendants to pay their demand. Statements of account were exchanged which showed that they were made by one party according to one theory of the contract and by the other according to another theory. Finally, under date December 15, 1914, defendants sent forward to plaintiffs a statement of account, which need not be here reproduced, and a letter and check. The letter is as follows:

"WESTERN CEDAR & LUMBER CO.,
                    "Alpena, Mich.
*"Gentlemen:*
    "Inclosed please find our check No. 10349 for $1,-797.45 in full of account to date per inclosed statement. We have gone over your account carefully, and we feel that we cannot accept the Guy Eaton scale in determining average of logs, as we had nothing to do with this scale and it was not made by a party mutually agreed on. If we were to allow you to put this scale in in determining averages, you would show according to your report 13837 feet Balm of Gilead, when all the balm that we cut out of all of your logs was 7211 feet, so you can see that there would be a great error in your way of figuring.

"In regard to the logs that are full of driftbolts and spikes which we have deducted in making settlement, these logs are here and are subject to your order at any time you may want them. We certainly cannot use them and you had no right to put them in.

"Trusting you will find this settlement satisfactory and in order, we are."

The check was drawn by defendants on the Bay City Bank in favor of plaintiffs. It was indorsed:

"This check is in settlement of invoices as follows: In full account of all claims and demands for moneys due in connection with logs purchased by us through our Mr. R. G. Evans, delivered by you to us at Bay City, as per statement rendered herewith. $1,797.45. If above is not correct, return check indorsement means receipt in full."

Plaintiffs received the check probably on December 16th, and later indorsed the check and cashed it. Under date December 23, 1914, they wrote defendants:

"We are in receipt of your check No. 10349 for $1,-797.45, for which we thank you and will apply the same on your account. We do not wish to take legal steps to collect the balance due on your account, and are asking you to please send us check for the amount still due, which is $1,207.24. If you do not send us check for this balance at once, we will be forced to commence suit to recover the same, as this amount is too large for us to lose and we do not think you have treated us fairly in this matter."

It is said in appellants' statement of facts, and repeated later on in the brief, that plaintiffs disputed the fact that the words, "if above is not correct, return check indorsement means receipt in full," were indorsed on the check when they received and indorsed it. No page of the record is referred to and no testimony supporting this statement. The court in charging the jury said, "In my opinion it is an undisputed fact that they were there."

It is assumed that defendants had the burden of proving accord and satisfaction; indulging which as-

sumption, the ruling of the trial court must be sustained. The facts are not in dispute; the legal effect of them is a question of law. It is not claimed that the dispute of the parties was not a good-faith difference, and, if it was honest, it affords the basis for an accord between the parties, which the law favors. There can reasonably be no dispute concerning the intention of the debtors in offering the check, nor about the condition which accompanied the offer. It is not suggested that any element of a complete accord and satisfaction is doubtfully established except the one of the creditors' intention in receiving and cashing the check. The creditors' intention, it is said, is a matter to be determined by a jury. But as the debtors' intention is determinable from what they did, so may the intention of the creditors be—and must be—determined by what they did. Neither fraud nor attempted fraud, nor duress, nor mistake, affected their conduct. The tender made by the debtors was upon condition, and the creditors were bound so to understand it, and to understand the condition unequivocally expressed. The creditors had the alternatives of accepting or returning the check. It was accepted, and cashed.

In none of the causes heretofore determined in this court have the facts relied upon to establish an accord been precisely like those in the case at bar. It is the rule in this State that, if it is doubtful if an accord—an agreement—is established, the question is for the jury. But the principle which sustains the ruling of the trial court and requires an affirmance of the judgment in the case at bar has been repeatedly recognized and applied. The subject is exhaustively reviewed, with references to the decisions of the Federal and State courts, in 1 C. J. pp. 520-584.

The judgment is affirmed.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.