## OBREMSKI *v.* DWORZANIN.

1. VENDOR AND PURCHASER—PRELIMINARY AGREEMENT—STIPULATED DAMAGES—RESCISSION—RELEASE—ACCORD AND SATISFACTION.

Where preliminary written agreement relative to sale of premises used for beer garden business and for transfer of class C liquor license provided that if either party refused to close the deal, "the refusing party would have to pay the other party $1,500 as liquidated damages," the purchaser deposited $1,500 and was unsuccessful in getting sellers to close the deal, the return of his deposit and giving a receipt without making any reference to a settlement or release of previously-instituted action for the stipulated damages or dismissal of the action, did not constitute either mutual rescission, release, or accord and satisfaction of the seller's obligation to perform the agreement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] Accepted offer to give or take less than full amount of liquidated claim as a novation or an accord and satisfaction. 96 A.L.R. 1133.

[1, 4] Vendee's right to recover back amount paid under executory contract for sale of land, 59 A.L.R. 189, 102 A.L.R. 852, 134 A.L.R. 1064.

[1, 4] 1 Am. Jur., Accord and Satisfaction, § 37.

[1, 4] 55 Am. Jur., Vendor and Purchaser, § 567.

[1] 55 Am. Jur., Vendor and Purchaser, § 540.

[2] 1 Am. Jur., Accord and Satisfaction, § 4.

[3] 1 Am. Jur., Accord and Satisfaction, § 77.

2. ACCORD AND SATISFACTION—MEETING OF THE MINDS.

As a matter of law it is requisite to a valid cancellation or accord and satisfaction of an outstanding preliminary agreement for the sale of real estate providing for stipulated damages in the 'event either party refused to perform that there be a meeting of the minds.

3. TRIAL—AFFIRMATIVE DEFENSES—BURDEN OF PROOF.

As a matter of law, the burden of establishing the affirmative defenses of cancellation or accord and satisfaction is on the defendant.

4. VENDOR AND PURCHASER—DEPOSIT—STIPULATED DAMAGES—ACCORD AND SATISFACTION—CANCELLATION.

Where $1,500 deposit, made by purchaser under preliminary agreement for the sale of beer garden business and premises, was returned to him and abstract of title returned by him to sellers, but nothing done or said about purchaser's action of assumpsit to recover stipulated damages for sellers' breach of contract, defendant sellers did not establish accord and satisfaction or cancellation of the agreement for such stipulated damages.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 11, 1948. (Docket No. 60, Calendar No. 44,120.) Decided September 8, 1948.

Assumpsit by Frank Obremski against Michael Dworzanin and wife to recover stipulated damages. Judgment for defendants. Plaintiff appeals. Reversed and judgment entered for plaintiff.

*Asher L. Cornelius,* for plaintiff.

*Harry S. Bennett* and *Maxwell I. Silverstein,* for defendants.

NORTH, J. This is a suit for recovery of $1,500, that being the amount of stipulated damages provided in a written agreement executed by the parties for the sale of certain property by defendants to plaintiff. From a judgment in defendants' favor plaintiff has appealed.

On March 31, 1944, plaintiff entered into an agreement to purchase from defendants the beer garden business, including a class C liquor license and the real estate which is located at 8034 Michigan avenue, in Detroit. The consideration was $18,400, payable as follows: $1,500 deposited at the time of executing the agreement, $7,900 upon the execution of the land contract, and the balance in specified monthly payments. The agreement contained the following provision:

"In the event that the sellers or buyers will decline to close the deal, the refusing party have to pay the other party $1,500 as liquidated damages."

At the time the above agreement was executed plaintiff deposited $1,500 with the real estate agency which represented defendants in this deal. Thereafter plaintiff made repeated efforts to have defendants consummate the transaction, but he was met with repeated excuses and finally in May, 1944, defendant Michael Dworzanin definitely refused to perform the agreement into which he and his wife had entered with plaintiff. Thereafter and on June 17, 1944, plaintiff began suit. From the allegations in the declaration as first drawn it is clear that this suit was solely for the recovery of "$1,500 as liquidated damages," as provided in the agreement above quoted. Later on plaintiff's declaration was amended so as to include recovery for the $1,500 plaintiff deposited with defendants' agent at the time the agreement was signed. About the time of this amendment to plaintiff's declaration the parties got together and after some consultation the $1,500 deposited by plaintiff was returned to him. This was done with the knowledge and approval of defendants' counsel. At the time the $1,500 deposit was returned to plaintiff the suit was at issue and pending in the circuit court. Nothing was done concern-

ing the pending suit for recovery of the stipulated damages, notwithstanding a receipt was given for the payment of the deposited $1,500 as follows:

"Detroit, Michigan.   December 11, 1944. Received of Michael Dworzanin $1500 refund of deposit given for purchase of property and business at 8034 Michigan avenue, Detroit."
                Signed — "F. W. OBREMSKI,   $1,500."

Apparently at the same time plaintiff received return of his deposit he returned the abstract of title to defendants, which abstract had earlier been submitted to plaintiff for his inspection.   The sole issue on this appeal is whether there was mutual rescission by the parties of the agreement entered into for the sale of the property.   In appellees' brief the issue is stated as follows.:

"Did the conduct of the parties in accepting the refund of the deposit of $1,500 and the surrender of the abstract constitute a mutual rescission of the contract and amount to a release, accord and satisfaction of plaintiff's cause of action?"

Notwithstanding the determination of the trial court to the contrary, after careful review of this record, we are brought to the conclusion that there was neither mutual rescission of the agreement signed by the parties, nor a release or accord and satisfaction of defendants' obligation to perform the agreement.   As bearing upon this issue the following facts and circumstances disclosed by the record are controlling.

Plaintiff's suit, as originally started, was for the sole purpose of recovering the stipulated damages provided for in the agreement in case of a breach thereof by either of the parties.   That suit was at issue and pending in the court at the time defendants, through their agent, returned to plaintiff the $1,500 which plaintiff had deposited and at the time plain-

tiff, in turn, redelivered to defendants the abstract of the real estate involved. While a written receipt signed by plaintiff was given at the time, it made no reference whatever to a settlement or release of plaintiff's claim for stipulated damages, which at the time was a matter in suit pending between the parties. No action was taken by either party to dismiss that suit. It is also quite persuasive that in the return of the deposit to plaintiff and in the redelivery of the abstract by plaintiff to defendants, nothing occurred except the performance of that which was a clear duty on the part of the respective parties, because prior thereto defendants had refused to perform the agreement for the sale of the property, thereby breaching the agreement. Plaintiff was entitled to the return of his deposit, and in that event defendants were entitled to the return of their abstract. In effect the agreement entered into by these parties on March 31, 1944, was of a dual aspect. Primarily it was for the sale of the property by defendants to plaintiff on the terms agreed upon. But the secondary aspect of the agreement was the express undertaking on the part of each of the contracting parties to pay to the injured party $1,500 as liquidated damages in case of a breach of the agreement. From our review of the record we find there was no abandonment, or accord and satisfaction of this secondary phase of the contract, and it is upon that phase alone that plaintiff seeks recovery.

It is also to be noted that at the time of the return of the deposit to plaintiff and the return of the abstract to defendants, notwithstanding there were outstanding duplicate written agreements signed by the respective parties, nothing was done in the way of destroying the agreements or indorsing thereon something in the nature of cancellation or termination. As a matter of law it is requisite to a valid

cancellation or accord and satisfaction of an outstanding undertaking that, under the circumstances of the instant case, there should be a meeting of minds; and this record fails to show any such meeting of minds between these parties. Further, as a matter of law, the burden of establishing their affirmative defense of cancellation or accord and satisfaction is on the defendants. *Grabowsky* v. *Baumgart,* 128 Mich. 267; *Patton* v. *Oakman,* 298 Mich. 672.

We are mindful of and have given consideration to numerous cases cited by the trial judge, but we are of the opinion that the cited cases are not applicable to the instant case because of a variance in controlling facts. In the opinion of the trial court the following is stated:

"It is the defendants' contention * * * that the fact of the $1,500 being returned to plaintiff and the abstract covering the property returned to defendants, that this ended the matter, cancelled the contract, and that the plaintiff could not still ask for a breach of the contract and $1,500 liquidated damages."

We think the trial court was in error in concluding that the above was sufficient to establish and did establish accord and satisfaction, or cancellation of the agreement for stipulated damages. Our conclusion is that the judgment entered in the circuit court must be reversed and judgment entered therein against defendants and in favor of plaintiff for $1,500, with taxable costs of both courts. It is so ordered.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.