RISK *v.* WELLS MARKET SERVICE, INC.

1. ACCORD AND SATISFACTION—UNLIQUIDATED CLAIM—ACCEPTANCE OF TENDER.

A tender, made in full satisfaction of an unliquidated claim the amount of which is in good faith disputed by the debtor and the creditor fully informed of the condition accompanying acceptance, accomplished an accord and satisfaction if the tender is retained, for there can be no severance of the condition from the acceptance.

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Accord and Satisfaction § 23.
[2] 1 Am Jur, Accord and Satisfaction § 60.
[3, 8] 1 Am Jur, Accord and Satisfaction § 39.
[4] 30A Am Jur, Judgments § 300.
[5] 3 Am Jur, Appeal and Error § 890.
[6] 35 Am Jur, Master and Servant § 71.
[7] 1 Am Jur, Accord and Satisfaction § 72.

2. SAME—CONSIDERATION—ACCEPTANCE OF LESS THAN SUM ADMITTEDLY OWING.

A new and valuable consideration is required to support the agreement of a creditor to accept from his debtor as payment in full a sum less than that admitted to be owing.

3. PAYMENT—PART PAYMENT—LIQUIDATED CLAIM.

Part payment of a past due, liquidated, and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto.*

4. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Proofs must be construed as strongly as possible in favor of the opposite party in considering a motion for judgment notwithstanding the verdict.

5. SAME—VERDICTS—OVERWHELMING WEIGHT OF THE EVIDENCE.

A verdict of a jury may not properly be set aside unless found to be against the overwhelming weight of the evidence.

6. MASTER AND SERVANT—BONUS—VERDICT—EVIDENCE.

Verdict of jury for plaintiff employee determining as a question of fact that defendant employer had agreed to pay plaintiff, a driver-salesman, a bonus of $15,000 for the year, a liquidated sum, *held,* not against the overwhelming weight of the evidence as claimed by the defendant on its motion for judgment notwithstanding the verdict, hence, order granting such motion was error.

7. ACCORD AND SATISFACTION—BONUS TO EMPLOYEE.

Verdict of jury that defendant employer had agreed to pay a liquidated sum as bonus to plaintiff, a driver-salesman, not being against the overwhelming weight of the evidence, was not barred by defense of accord and satisfaction in action wherein employee sought balance due.

8. SAME—CONSIDERATION—BONUS.

Different terms of employment resulting in less pay to plaintiff employee, a driver-salesman, if he continued employment after payment of bonus, which were urged as constituting valuable consideration, *held,* not to have constituted a valuable consideration for acceptance of a lesser bonus than he claimed had been offered him at the beginning of the year.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 3, 1961. (Docket No. 14, Calendar No. 48,452.) Decided February 28, 1961.

Action by Edward F. Risk against Wells Market Service, Inc., a Michigan corporation, for balance of bonus due on employment agreement. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Goodman, Crockett, Eden & Robb* (*Ernest Goodman* and *Richard M. Goodman,* of counsel), for plaintiff.

*Cross, Wrock, Miller, Vieson & Kelley* (*Bethel B. Kelley* and *W. Robert Chandler,* of counsel), for defendant.

KELLY, J. Plaintiff commenced suit to recover balance claimed due on a $15,000 bonus promised him by defendant while he was in defendant's employ. A jury verdict for plaintiff was set aside by the trial court and plaintiff appeals.

Plaintiff commenced working for defendant in January, 1952, as a driver-salesman and in September of that year was promoted to branch manager in charge of the Detroit and Toledo offices. Defendant's home office was in Louisville, Kentucky, and it sold household wares to the Kroger Company.

Plaintiff was an industrious worker and sales increased between 1953 and 1957. He was given a bonus each year, which in 1956 amounted to $7,525. In January, 1957, plaintiff decided to leave defendant's employ and met defendant's president, Lee Wells, in Chicago. Plaintiff testified he was promised a bonus of $15,000 if he continued in defendant's employ and if sales increased over the previous

year. There is no dispute but that sales increased, but defendant's president denied ever having promised a bonus of $15,000.

Plaintiff also testified that in September, 1957, he went to defendant's home office in Louisville and president Wells told him the corporation could only pay him $8,185 as a bonus and that he could "take it or leave it"; that there would be no further bonuses; that his salary would be increased from $125 per week to $200 per week, and that from then on he would receive a commission of only 1/4 of 1% on sales instead of 1%.

President Wells testified that he never promised plaintiff a $15,000 bonus; that at the September meeting plaintiff was told a $10,000 bonus would be paid, from which other employees were to receive $1,800 and the balance was to go to plaintiff; that plaintiff said he thought he was going to get more.

On plaintiff's return to Detroit he received a net check for $6,711.70, the amount of the bonus remaining after deductions, which he cashed and retained. He continued in defendant's employ for another month and then left. He thereafter commenced this suit.

Defendant contends the payment of the $8,185 was payment of a disputed amount and that plaintiff's acceptance and retention of the proceeds was an accord and satisfaction.

Plaintiff contends this was a liquidated claim as determined by the jury verdict and that such claim could not be discharged by payment of a lesser amount.

The trial court in setting aside the verdict for plaintiff held there was a dispute as to the amount owing and that the payment of $8,185 and its acceptance by plaintiff was an accord and satisfaction.

In *Lafferty* v. *Cole,* 339 Mich 223, 228, we said:

" 'The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction.' "

In *Goldsmith* v. *Lichtenberg,* 139 Mich 163, 165, the Court said:

"It has been repeatedly held that a new and valuable consideration is required to support the agreement of a creditor to accept from his debtor as payment in full a sum less than that admitted to be owing."

It was stated in the case of *Monroe* v. *Bixby,* 330 Mich 353, 357, that:

" 'We have many times held that part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto* only.' "

The testimony was in conflict as to whether plaintiff's claim for the bonus was a liquidated or unliquidated claim. Plaintiff claimed there was a definite agreement to pay a $15,000 bonus and that president Wells told him defendant just couldn't pay more than the $8,185 and that he could "take it or leave it." Defendant, on the other hand, claimed there was no specific agreement to pay a $15,000 bonus to plaintiff but that it did voluntarily pay him a bonus of $8,185.

The trial court in its charge stated:

"Unless the plaintiff here has proved by a preponderance of the evidence that there was an actual agreement, a mutual understanding by both parties that he would be paid a bonus of $15,000 for 1957 if he increased sales over 1956, he cannot recover the amount claimed for the bonus. The plaintiff's claim is there was a specific agreement, concurred in by both parties and mutually understood, for the payment of $15,000; the defendant claims that the payment of any bonus was optional with the company and that there was no specific contract to pay a bonus of $15,000 or any other amount, but that it voluntarily paid a bonus of $8,185, which the plaintiff accepted and kept.   *   *   *

"If he has also established a contract and an agreement for the payment of a $15,000 bonus for 1957 and you find that to be the fact, you should bring in a verdict for him on that portion of his claim for $6,815."

In considering a motion for judgment notwithstanding the verdict, the proofs must be construed as strongly as possible in favor of the opposite party. *Cole* v. *Austin*, 321 Mich 548. A jury verdict may not be properly set aside unless found to be against the overwhelming weight of the evidence. *Tumey* v. *City of Detroit*, 316 Mich 400. The jury, by its verdict, determined that there had in fact been an agreement to pay plaintiff a $15,000 bonus and that the sum due was a liquidated amount. The verdict was not against the overwhelming weight of the evidence and by accepting less than this amount plaintiff was not barred under the defense of accord and satisfaction from seeking the balance due. *Monroe* v. *Bixby, supra*.

Defendant also contends valuable consideration is present since it offered to continue plaintiff in its employ, under different terms, and plaintiff did

continue in its employ for approximately 1 month after receiving the check.

The different terms of employment offered by defendant resulted in less pay for plaintiff but there is no testimony to indicate that plaintiff's continued employment was contingent upon his acceptance of the amount of bonus offered. The acceptance of the lesser amount was, therefore, not supported by valuable consideration.

Judgment notwithstanding the verdict is set aside and the cause remanded with directions to enter a judgment on the verdict of the jury. Costs to plaintiff.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.