OMSCOLITE CORPORATION v. FEDERAL
INSURANCE COMPANY.

1. INSURANCE—FIRE LOSS—AGREEMENT FOR RELEASE.

The acceptance by insurer of the face amount of the fire insurance policy as being insured's loss thereunder constituted agreement upon a figure which was subject to negotiation by the parties, and, once accepted and release executed thereunder, neither the insurer nor the insured could dispute the amount agreed upon.

2. SAME—CLAIMS.

Insurance policyholder may have 2 claims against an insurer.

3. SAME—RELEASE—CONCEALMENT OF PART OF CLAIM.

Insured who obtained face amount of policy and executed release in full settlement of claim for fire loss thereunder may not thereafter claim another element of loss arising out of the single incident, where such action on insured's part constituted an attempt to raise the policy limits, the portion of claim that policy limits was incorrect having been concealed at time of settlement.

4. SAME—CLAIM AGAINST AGENT—RELEASE OF INSURER.

Separate claim by insured against insurance agent may not be urged on appeal, where insureds had conceded at trial that action against agent was released if insurers were released

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 29A Am Jur, Insurance § 1702 et seq.

from claim that total insurance effected was less than insureds had sought but concealed such claim at time of settlement with insurers.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted October 9, 1964. (Calendar No. 37, Docket No. 50,685.) Decided January 5, 1965.

Complaint by Omscolite Corporation, a Pennsylvania corporation, and other affiliated companies, against Federal Insurance Company, a New Jersey corporation, Connecticut Fire Insurance Company, a Connecticut corporation, and Philip Poyle, doing business as Philip Poyle Agency, for damages by reason of fire loss in excess of policy coverage. Accelerated judgments for defendants. Plaintiffs appeal. Affirmed.

*Philip Weiss* and *Jesse R. Bacalis,* for plaintiffs.

*Alexander, Buchanan & Conklin* (*Arnold Magnuson,* of counsel), for defendant Federal Insurance Company.

*Sullivan, Sullivan, Hull & Ranger* (*Robert E. Sullivan,* of counsel), for defendant Connecticut Fire Insurance Company.

*Honigman, Miller, Schwartz & Cohn* (*Maurice S. Binkow* and *Asher Rabinowitz,* of counsel), for defendant Poyle.

ADAMS, J. Plaintiffs suffered destruction of the contents of a warehouse, resulting in a claimed loss of $670,801.85. Poyle, the mutual agent of Federal Insurance Company and Connecticut Fire Insurance Company, had placed for plaintiffs a $365,000 policy with Federal and a $200,000 policy with Connecticut. Both insurance companies paid the full amount of the policy coverage pursuant to written

proofs of loss submitted by plaintiffs after approximately a month of negotiations.

Plaintiffs now sue to recover the difference between the coverage under the policies and their claimed loss. They allege that on October 15, 1962, they reported the amount of their inventory to agent Poyle but that he negligently and carelessly failed to obtain sufficient insurance to cover the same. In addition to the claim of negligence on the part of all three defendants, the plaintiffs make a separate claim in contract against Poyle for his failure to obtain coverage.

The loss occurred November 17, 1962. On December 14, 1962, plaintiffs submitted a sworn proof of loss to Federal wherein they made claim in the sum of $365,000 "by reason of said policy, fire and loss." On the same date Federal issued its draft for that amount "in full settlement of fire loss." In addition to this statement, the following language appears on the back of the draft above indorsement by plaintiffs:

"By indorsement hereof the payee acknowledges having received the amount of this draft in full settlement of claim as described on the face of this draft."

Proof of loss was also furnished Connecticut, which proof of loss asserted a claim "by reason of said policy, fire and loss." On its face, the Connecticut draft identifies the date of loss as being November 17, 1962, and contains this indorsement on the back:

"Indorsement of this draft constitutes a complete release and settlement of the claim or account stated on the face hereof."

The case was disposed of below by granting the defendants' motions for accelerated judgment.*

---

* See GCR 1963, 116.—Reporter.

Plaintiffs assert that the only claims they settled with the defendants were claims under the policies, that defendants were legally bound to pay same, and that plaintiffs did not release their claims in tort against the insurance companies or their claim in contract against agent Poyle.

The difficulty with plaintiffs' claims, as pointed out by the trial judge, is that the proof of loss in each case asserts a claim against the company "by reason of said policy, *fire and loss*" (emphasis supplied) and the drafts in payment purport to be in settlement of said items. Neither proof of loss states the total amount of plaintiffs' loss even though provision is made therein for such a statement.

While plaintiffs now assert a loss in excess of the policy limits, at the time the settlements were entered into they did not show by their proofs of loss the existence of same, nor is such a total loss acknowledged and accepted by the insurance companies. In any event, whatever plaintiffs' loss may have been, whether in excess of the policy limits or less than the policy limits, the acceptance by the insurance companies of the face amounts of the policies as being plaintiffs' loss thereunder constituted agreement upon a figure which was subject to negotiation by the parties. Once accepted and agreed upon, the insurance companies could not dispute plaintiffs' proofs of loss and plaintiffs cannot now assert what is in effect a greater claim than that to which they previously agreed.

Numerous authorities establish the proposition that a policyholder may have two claims against an insurance company. *City of Wakefield* v. *Globe Indemnity Co.*, 246 Mich 645; *Miholevich* v. *Mid-West Mutual Auto Insurance Co.*, 261 Mich 495 (86 ALR 633). The proposition is sound enough, although most of such cases arise out of the failure of an insurance company to defend in accordance with its

policy undertakings. The difficulty with plaintiffs' theory, as applied to the facts of this case, is that plaintiffs' claims, whether on the policies or for negligence, arise out of a single incident. Plaintiffs attempt to settle a portion of their claim, concealing their assertion that the policy limits are incorrect; and, then, in effect, attempt to raise the policy limits to what plaintiffs say they should have been by virtue of their notice to agent Poyle.

Plaintiffs' total claim against the insurance companies was disputed or, if not disputed, then concealed. Plaintiffs elected to settle for the face amount of their policies. Their case is controlled by the rulings of this Court in *Tanner* v. *Merrill*, 108 Mich 58 (31 LRA 171, 62 Am St Rep 687); *Shaw* v. *United Motors Products Co.*, 239 Mich 194; *Puffer* v. *State Mutual Rodded Fire Insurance Co.*, 259 Mich 698; *Holmes* v. *Bankers Life Co.*, 271 Mich 460; *Lehaney* v. *New York Life Ins. Co.*, 307 Mich 125; *Empire Industries, Inc.*, v. *Northern Assurance Company, Ltd.*, 342 Mich 425.

As for the separate contract claim against Poyle, plaintiffs conceded to the court below that if the insurance companies were released, Poyle would be released. They cannot now raise this point.

The trial court did not err. Judgment affirmed. Costs to appellees.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.