FULLER v INTEGRATED METAL TECHNOLOGY, INC

Docket No. 85461. Submitted April 8, 1986, at Grand Rapids. Decided September 9, 1986. Leave to appeal denied, 427 Mich 851.

Defendant Integrated Metal Technology, Inc., is the successor to Star Industries, Inc. On May 27, 1978, plaintiff, Gordon Fuller, entered into a manufacturer's representative agreement with Star. Plaintiff was to be employed under the agreement until May 26, 1984. In December of 1979, plaintiff and Star negotiated a cancellation of the manufacturer's representative agreement, terminating plaintiff's employment with Star. A termination agreement was signed on December 12, 1979. Under the termination agreement, Star agreed to pay $2,278 per month to plaintiff for a period of fifty-four consecutive months as fair compensation for the mutually agreed termination of the manufacturer's representative agreement between plaintiff and Star. Payments were to be made through June of 1984. Plaintiff also agreed not to compete. Soon after the termination agreement was entered into, plaintiff requested that Star pay plaintiff commissions for services he allegedly rendered prior to the December, 1979, termination of the manufacturer's representative agreement. Star disputed that the commissions were due to plaintiff and asserted its understanding was that plaintiff agreed to give up any claims to the commissions when he entered into the termination agreement. Star also asserted that, if such was not plaintiff's understanding, then their minds did not meet on the subject and they had not really entered into a termination agreement. Star's attorney mailed a letter to plaintiff on February 22, 1980, indicating Star's position. In the letter, the attorney attempted to force plaintiff to acknowledge either (1) that the termination agreement was valid and that it terminated plaintiff's right to the commissions or (2) that no agreement was entered into. The attorney asserted that if

REFERENCES

Am Jur 2d, Accord and Satisfaction §§ 5, 11-25.

Modern status of rule that acceptance of check purporting to be final settlement of disputedamount constitutes accord and satisfaction. 42 ALR4th 12.

Breach of valid accord or compromise agreement involving disputed or unliquidated claim, remedies for. 94 ALR2d 504.

plaintiff cashed the $2,278 check which he would receive on March 1, 1980, such would indicate that he conceded to defendant's position that the termination agreement disposed of plaintiff's right to the commissions. The attorney asserted that, if plaintiff did not agree, he should not cash the check and that such action would indicate that plaintiff and Star had failed to reach an agreement. The attorney did not acknowledge a third possibility, i.e., that Star and plaintiff had actually not intended for plaintiff's right to the commissions to be affected by the termination agreement. Nevertheless, plaintiff cashed the check when he received it. Plaintiff did not otherwise communicate with Star. Plaintiff also cashed all of the remaining checks which were sent to him pursuant to the termination agreement. The last check was sent to him on June 15, 1984. That check contained the following notation:

"This check represents full and final payment of all obligations of Integrated Metal Technology, Inc., to Gordon Fuller, as more fully stated in the accompanying letter dated June 15, 1984."

A letter accompanying this check stated:

"Enclosed is our check payable to your order for $2,278. This check represents the final payment due to you under the agreement between the Company and you dated December 12, 1979, which terminated the Manufacturer's Representative Agreement dated May 27, 1978.

"This check is tendered to you in full and final payment, settlement and discharge of all obligations owed to you by Integrated Metal Technology, Inc. (formerly Star Industries, Inc.) arising under or in connection with the Termination Agreement or the Manufacturer's Representative Agreement mentioned above. Your acceptance of this check constitutes your acknowledgment that all such obligations have been fully paid, settled and discharged."

Plaintiff brought an action in the Ottawa Circuit Court against defendant for the commissions allegedly owed him. Defendant moved for summary disposition, alleging an accord and satisfaction. The court, Calvin L. Bosman, J., granted summary disposition for defendant. Plaintiff appealed.

The Court of Appeals *held:*

An accord and satisfaction may be effected by tender and acceptance of an amount less than the amount claimed to be due where the tender is accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim. Under such circumstances, acceptance of the tender may not be had without

acceptance of the conditions. The plaintiff, by accepting the payments with knowledge of the conditions, effected an accord and satisfaction.

Affirmed.

1. PRETRIAL PROCEDURE — SUMMARY DISPOSITION — ACCORD AND SATISFACTION — COURT RULES.

Affidavits, depositions, admissions and other documentary evidence may be submitted by a party to support or oppose a motion for summary disposition for the reason that the claim is barred by an accord and satisfaction and the court must consider all such evidence in deciding the motion (MCR 2.116[C][7], 2.116[G][5]).

2. ACCORD AND SATISFACTION — CONTRACTS.

An accord and satisfaction may be used to discharge a contract; an accord is an agreement which is substituted for the underlying contract and satisfaction is the execution or performance of the new agreement.

3. ACCORD AND SATISFACTION — AGREEMENT.

An accord and satisfaction may be effected by tender and acceptance of an amount less than the amount claimed to be due where the tender is accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim; under such circumstances, acceptance of the tender may not be had without acceptance of the conditions.

*Bussard & Sielski* (by *James W. Bussard*), for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Peter Armstrong* and *Charles M. Denton*), for defendant.

Before: R. M. MAHER, P.J., and T. M. BURNS and R. H. BELL,* JJ.

PER CURIAM. Plaintiff appeals from a circuit court grant of summary disposition in favor of defendant. We affirm the grant of summary disposition.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

FACTS

On July 3, 1984, plaintiff instituted the present cause of action against defendant seeking $18,721.78 for commissions allegedly due to plaintiff from defendant. The background facts are not in dispute.

Defendant Integrated Metal Technology, Inc., is the successor to Star Industries, Inc. On May 27, 1978, plaintiff entered into a "Manufacturer's Representative Agreement" with Star. Plaintiff was to be employed under the agreement until May 26, 1984. In December of 1979, plaintiff and Star negotiated a cancellation of the Manufacturer's Representative Agreement, terminating plaintiff's employment with Star. A "Termination Agreement" was signed on December 12, 1979. Under the Termination Agreement, Star agreed to pay $2,278 per month to plaintiff for a period of fifty-four consecutive months as fair compensation for the mutually agreed termination of the Manufacturer's Representative Agreement between plaintiff and Star. Payments were to be made through June of 1984. Plaintiff also agreed not to compete.

Soon after the Termination Agreement was entered into, plaintiff requested that Star pay plaintiff commissions for services he allegedly rendered prior to the December, 1979, termination of the Manufacturer's Representative Agreement. Star disputed that the commissions were due to plaintiff and asserted its understanding was that plaintiff agreed to give up any claims to the commissions when he entered into the Termination Agreement. Star also asserted that, if such was not plaintiff's understanding, then their minds did not meet on the subject and they had not really entered into a Termination Agreement.

Star's attorney mailed a letter to plaintiff on

February 22, 1980, indicating Star's position. In the letter, the attorney attempted to force plaintiff to acknowledge either (1) that the Termination Agreement was valid and that it terminated plaintiff's right to the commissions or (2) that no agreement was entered into. The attorney asserted that if plaintiff cashed the $2,278 check which he would receive on March 1, 1980, such would indicate that he conceded to defendant's position that the Termination Agreement disposed of plaintiff's right to the commissions. The attorney asserted that, if plaintiff did not agree, he should not cash the check and that such action would indicate that plaintiff and Star had failed to reach an agreement. The attorney did not acknowledge a third possibility, i.e., that Star and plaintiff had actually not intended for plaintiff's right to the commissions to be affected by the Termination Agreement. Nevertheless, plaintiff cashed the check when he received it. Plaintiff did not otherwise communicate with Star.

Plaintiff also cashed all of the remaining checks which were sent to him pursuant to the Termination Agreement. The last check was sent to him on June 15, 1984. That check contained the following notation:

> This check represents full and final payment of all obligations of Integrated Metal Technology, Inc. to Gordon Fuller, as more fully stated in the accompanying letter dated June 15, 1984.

A letter accompanying this check stated:

> Enclosed is our check payable to your order for $2,278. This check represents the final payment due to you under the agreement between the Company and you dated December 12, 1979, which

terminated the Manufacturer's Representative Agreement dated May 27, 1978.

This check is tendered to you in full and final payment, settlement and discharge of all obligations owed to you by Integrated Metal Technology, Inc. (formerly Star Industries, Inc.) arising under or in connection with the Termination Agreement or the Manufacturer's Representative Agreement mentioned above. Your acceptance of this check constitutes your acknowledgment that all such obligations have been fully paid, settled and discharged.

Plaintiff admitted in deposition testimony that he read both of the aforementioned letters and the notation on the check. He also admitted that he understood defendant's position on the matter. However, he also stated that he did not agree with defendant's position and that he did not intend at any time to be bound by defendant's unilateral assertions. He felt that he was entitled to the commissions and did not intend to give up his claim to them.

On March 1, 1985, based on the undisputed facts as set forth in the pleadings, admissions, documents, and plaintiff's deposition, defendant moved for summary disposition pursuant to MCR 2.116(C)(7) on the ground that plaintiff's claim was barred because of release, payment, or an accord and satisfaction. On April 17, 1985, the trial court granted summary disposition in favor of defendant.

### ANALYSIS

When a motion is based on MCR 2.116(C)(7), affidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose grounds asserted in the motion.

MCR 2.116(G)(2). The affidavits, together with the pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties must be considered by the court when the motion is based on subrule (C)(7). MCR 2.116(G)(5). If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the trial court is to render judgment without delay. MCR 2.116(I)(1).

In this case, the proofs show that there is no genuine issue of material fact regarding defendant's contention that plaintiff's claim is barred because of an accord and satisfaction.

The doctrine of accord and satisfaction is generally grounded on basic contract principles. An "accord and satisfaction" can be used to discharge a contract. It is sometimes said that an "accord" is an agreement which is substituted for the underlying contract and that a "satisfaction" is the execution or performance of such new agreement.

However, while an accord and satisfaction is generally contractual in nature, the doctrine of accord and satisfaction also carries with it some traditional and well-accepted rules. One particular principle which is peculiar to the law of accord and satisfaction is determinative of the outcome in this case.

That particular principle relates to a situation where one party tenders an item in full satisfaction of a claim and the other party accepts the thing tendered. In such a situation, an accord and satisfaction may arise regardless of the lack of an agreement between the parties. An accord and satisfaction may be effected by payment of less than the amount which is claimed to be due if the payment is tendered by the debtor in full settlement and satisfaction of the claim. In order to

effect an accord and satisfaction under such circumstances, the tender must be accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim.

The rules of law in this regard are well-established in Michigan. In *Shaw v United Motors Products Co,* 239 Mich 194; 214 NW 100 (1927), the plaintiffs therein accepted a check which was accompanied by a letter indicating that the check was tendered in full and final payment of the defendant's account with the plaintiffs. The plaintiffs thereafter brought suit to recover the balance of their claim. The trial judge rejected defendants' argument that an accord and satisfaction had been accomplished, noting that there was no evidence that the plaintiff had accepted the sum as a full settlement of the claim. However, on appeal, the Supreme Court stated:

> It is evident the circuit judge applied the rule relative to acceptance under an agreement and not an acceptance of a condition. The governing rule in the case at bar is based upon the condition accompanying the tender and consequent acceptance of the condition in retaining the money. This required no previous agreement, but rests upon a dispute as to the amount due. The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction. The case at bar is ruled by *Hoey v Ross,* 189 Mich 193 [155 NW 375 (1915)].

In 1 C.J. p 561, it is stated:

"Nevertheless it is elementary law that a debtor has a right to attach to a tender such lawful condition as he pleases. And therefore where a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction, in the absence of fraud, imposition, or mistake. And this is so wholly irrespective of the grounds upon which defendant declines to pay, and proposes to deny his liability for, the balance. The acceptance is an assent *de facto* and the creditor is bound by it. Nor is it necessary that there be express words of assent to the proposition. On the contrary the rule applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary."

In 1 R. C. L. pp 194, 195, the rule is stated:

"Of course there must be an acceptance by the creditor of the money offered in full discharge of the claim. This acceptance, however, may be implied as well as express. Thus if the debtor tenders the amount he claims to be due, but upon the condition that it be accepted in discharge of the whole demand, and it is accepted, there is an accord and satisfaction on the principle that one accepting a conditional tender assents to the condition. And the fact that the creditor protests against accepting the tender in full payment will not prevent the transaction from constituting a good accord and satisfaction when the debtor still

insists that it must be accepted in full payment or not at all." [239 Mich 195-197.]

Numerous Supreme Court decisions have reiterated these rules of law as set forth in *Shaw, supra.* See *Deuches v Grand Rapids Brass Co,* 240 Mich 266; 215 NW 392 (1927), *Puffer v State Mutual Rodded Fire Ins Co of Michigan,* 259 Mich 698; 244 NW 206 (1932), *Durkin v Everhot Heater Co,* 266 Mich 508; 254 NW 187 (1934), *Lehaney v New York Life Ins Co,* 307 Mich 125; 11 NW2d 830 (1943), *Puett v Walker,* 332 Mich 117; 50 NW2d 740 (1952), and *Lafferty v Cole,* 339 Mich 223; 63 NW2d 432 (1954). See also *Eisenberg v C F Battenfeld Oil Co,* 251 Mich 654; 232 NW 386 (1930), *Risk v Wells Market Service, Inc,* 362 Mich 414; 107 NW2d 776 (1961), and *Omscolite Corp v Federal Ins Co,* 374 Mich 344; 132 NW2d 154 (1965).

In this case, no material facts are in dispute. Plaintiff contended that defendant owed him both the commissions and the payments under the Termination Agreement. Defendant disputed this claim in good faith, contending that, if plaintiff's assertions were true, defendant owed plaintiff nothing under the Termination Agreement. Plaintiff thereafter accepted money which was tendered by defendant with an accompanying condition. The condition was clear and unequivocal and indicated that, upon acceptance of the various checks, plaintiff's claim against defendant would be paid in full. Not only was the condition clearly expressed in a manner in which plaintiff was sure to be able to understand, plaintiff's deposition testimony indicates that he actually did understand the condition. Plaintiff's acceptance of the payments under these circumstances constitutes an accord and satisfaction. The grant of summary disposition is therefore affirmed.

Plaintiff argues that there was no accord and satisfaction because he never agreed to give up his claim to the commissions even though he accepted the payments. Plaintiff asserts that a meeting of the minds is necessary for an accord and satisfaction. We do not believe that a meeting of the minds was necessary in this case. While in some circumstances a meeting of the minds may be necessary to establish an accord and satisfaction, as noted previously, in the absence of a prior agreement, an accord and satisfaction may be established by the tender of payments accompanied by a condition and acceptance of such payments.

Plaintiff asserts that his position is supported by *Fritz v Marantette,* 404 Mich 329; 273 NW2d 425 (1978), and *Gitre v Kessler Products Co, Inc,* 387 Mich 619; 198 NW2d 405 (1972). We disagree and find those cases to be distinguishable.

In *Gitre, supra,* the Supreme Court held that an accord and satisfaction did not take place because the defendant therein had merely paid an existing undisputed claim. In *Gitre,* there was no dispute regarding the plaintiff's underlying claim and defendants merely paid what both sides acknowledged was due. Such payment of an undisputed claim could not work an accord and satisfaction. The present case is much different. In this case, defendant disputed the amount which was due plaintiff.

Nevertheless, the Supreme Court in *Gitre* went on to state:

> As to whether a rubber-stamped endorsement operates as an automatic accord and satisfaction by virtue of restrictive conditions on a check, we note that since an accord is a contract, an essential requisite is a "meeting of the minds." *Obrem-*

*ski v Dworzanin,* 322 Mich 285 [33 NW2d 796]
(1948). Whether these plaintiffs and defendants
had a "meeting of the minds" regarding the pur-
ported effect of the restrictive endorsement on the
reverse side of the checks, we could not say, as a
matter of law, that the mere rubber stamp en-
dorsement, without more, constituted a full agree-
ment to accept such restrictive conditions. [387
Mich 624.]

Plaintiff would have us believe that this one
paragraph in *Gitre* was intended by the Supreme
Court to overrule years of precedent firmly estab-
lishing that an accord and satisfaction can occur
when a creditor accepts payment which is subject
to a condition regardless of any protest which the
creditor may make to the contrary, and regardless
of his state of mind, purpose, intention, mental
reservations, or belief on his part that his accep-
tance of the payments will not result in an accord
and satisfaction. We do not believe that the Su-
preme Court would take such a drastic step merely
by implication.

In *Gitre,* the Supreme Court relied on *Obremski
v Dworzanin,* 322 Mich 285; 33 NW2d 796 (1948),
for the proposition that a "meeting of the minds"
is essential to an accord and satisfaction. A review
of *Obremski* reveals that that case did not involve
a tender of payment accompanied by a condition.
Rather, the question in that case was whether
certain conduct of the parties in accepting a re-
fund of a deposit and surrendering an abstract of
title constituted an accord and satisfaction. The
Supreme Court held that, under the circumstances
of that case, a meeting of the minds was necessary
in order to establish an accord and satisfaction.
This holding is in accord with the general rule.
Two parties may always negotiate a contract call-
ing for substitute performance, i.e. an accord. Such

a contract is not formed unless there is a meeting of the minds. If there is such a meeting of the minds, execution of such contract would establish an accord and satisfaction.

However, an accord and satisfaction can also be established by the acceptance of a conditionally tendered payment if there is no prior agreement. We do not believe that the Supreme Court in *Gitre* intended to change this well-established principle. *At most,* we believe that the Supreme Court simply meant to indicate that the party asserting an accord and satisfaction must show that the person accepting the payments actually had knowledge or understanding of the condition which accompanied those payments. Under the facts of *Gitre,* it was not clear that the defendant had knowledge of the restrictive conditions on the check. The defendant therein was a corporation and the check was endorsed by a mere rubber stamp. In the present case, it is an undisputed fact that plaintiff had knowledge and understanding of the restrictive condition accompanying the checks.

We also find *Fritz v Marantette, supra,* to be distinguishable from the instant case. The plaintiff therein negotiated a conditioned check after striking a part of the restrictive condition and protesting the amount received. The Supreme Court in *Marantette* simply referred to *Gitre* as illustrative of the fact that in most cases a jury-submissible question of fact is presented as to whether an accord and satisfaction has occurred. The Supreme Court held that the defendant was not entitled to summary disposition because there was a jury-submissible question of fact as to whether the underlying debt was liquidated or whether it was disputed. The Supreme Court made no suggestion that an accord and satisfaction would not have occurred if the amount was actually disputed.

In the present case, the facts are not in dispute. The parties had an underlying, good-faith disagreement. It is clear that defendant tendered a check with explicit and clear conditions accompanying such tender. It is undisputed that plaintiff understood the meaning of the condition which accompanied the tender. It is also undisputed that plaintiff accepted the payments. Under these conditions, an accord and satisfaction was accomplished. Plaintiff could either accept or reject the tender. Plaintiff's acceptance of the payments which were accompanied by the condition established an accord and satisfaction.

At the time of the Supreme Court's decision in *Hoey v Ross*, 189 Mich 193, 196-197; 155 NW 375 (1915), the principle which sustains the ruling of the trial court and requires affirmance in this case was repeatedly recognized and applied. It has been repeatedly recognized and applied since that time. Because the facts in this regard are undisputed, the trial court's grant of summary disposition is affirmed.

Affirmed.