DMI DESIGN AND MANUFACTURING, INC v ADAC PLASTICS,
INC

Docket No. 89440. Submitted December 3, 1986, at Grand Rapids.
Decided May 26, 1987.

Defendant, Adac Plastics, Inc., in an attempt to settle a contract
dispute with plaintiff, DMI Design and Manufacturing, Inc.,
tendered a check to plaintiff for $5,629.95. On the back of the
check was typed release and settlement language to the effect
that the endorsement of the check acknowledged a full and
final settlement of any and all claims of plaintiff against
defendant arising out of a purchase order for window frames.
Plaintiff typed language immediately following defendant's re-
lease to the effect that endorsement of the check did not
constitute acceptance of defendant's statement. Plaintiff then
negotiated the check. After several attempts to recover conse-
quential damages, plaintiff brought an action in the Kent
Circuit Court alleging breach of contract and negligence. The
trial court, Stuart R. Hoffius, J., thereafter granted defendant
summary disposition based upon the release. Plaintiff appealed.

The Court of Appeals held:

Plaintiff's attempted reservation of rights was ineffective as a
matter of law to avoid the accord and satisfaction terms of the
check. A meeting of the minds was not necessary to establish
an accord and satisfaction.

Affirmed.

Accord and Satisfaction — Meeting of the Minds.

An accord and satisfaction may arise regardless of the lack of an
agreement between the parties where one party tenders an
item in full satisfaction of a claim and the other party accepts
the thing tendered; a creditor does not obviate the effect of the

References

Am Jur 2d, Accord and Satisfaction §§ 53-57.

Modern status of rule that acceptance of check purporting to be
final settlement of disputed amount constitutes accord and satis-
faction. 42 ALR4th 12, sec. 1.

Creditor's certification of check purporting to be final settlement of
disputed amount as constituting accord and satisfaction. 42
ALR4th 95, sec. 1.

language merely by crossing out or obliterating the words where the debtor has adequately expressed his intention that the payment be taken as full satisfaction or not at all.

*Black, Hall, Nicewander & Kladder* (by *David M. Hall*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Donald R. Worsfold* and *Peter D. Bosch*), for defendant.

Before: D. F. WALSH, P.J., and HOOD and R. J. TAYLOR,* JJ.

PER CURIAM. Plaintiff appeals as of right from an opinion and order granting summary disposition dismissing its breach of contract and negligence claims on the basis that they were barred due to prior satisfaction of the entire obligation. MCR 2.116(C)(7). Plaintiff asserts that the settlement pertained only to plaintiff's claim for goods and services furnished pursuant to the purchase order between the parties i.e., the $5,629.95 invoice amount, and did not apply to plaintiff's claim for consequential damages. We agree with the trial court that an accord and satisfaction occurred between the parties with respect to any and all claims by plaintiff arising out of its contract with defendant, and we affirm the lower court.

In December, 1982, the parties entered into an agreement whereby defendant was to manufacture a custom extruded window frame for plaintiff. The injection molding die used to make the frames was supplied by plaintiff. A preliminary run of five hundred frames was made. Except for the color, these frames were initially acceptable to plaintiff. Subsequently, plaintiff discovered some defects in the components which caused them to be misfitted on the final product.

* Circuit judge, sitting on the Court of Appeals by assignment.

After some discussions aimed at correcting the deficiencies, plaintiff placed an order for additional frames. In order to run the parts requested, it was decided that plaintiff would supply certain plastic compounds, colorant, shipping pallets, and packing tubes. The cost of these materials was invoiced to defendant. Defendant was to provide the skill and labor in producing the frames.

The second run of the frames was also allegedly defective. Consequently, plaintiff sent a letter complaining of the frames. Accompanying the letter was an invoice for $5,629.95 for materials previously supplied to defendant but which had been wasted, lost, or not required.

Defendant responded with a letter saying that the defects were due to improper design in construction of the die. At the time this letter was sent, defendant acknowledged possessing certain materials that plaintiff had supplied. Since defendant did not believe that it was fully to blame for the problems, it offered to pay one-half of the value of the materials in order to resolve the parties' dispute. With the letter, defendant enclosed a check for $1,225, which plaintiff returned.

Subsequently, plaintiff's attorney contacted defendant by letter. The letter discussed the defective frames and the consequential damages allegedly sustained by plaintiff as a result. After reviewing that letter, defendant responded with its own correspondence, expressing surprise at plaintiff's actions. In an effort to resolve the "distasteful matter," defendant also included a check for $3,900.95. That sum represented the amount of plaintiff's invoice ($5,629.95) less the contract price for the frames previously shipped to plaintiff ($1,720).

The check was returned to defendant along with a letter requesting full payment of the invoice

amount. Plaintiff felt that it should not be charged for the frames previously sent since they were allegedly defective. Subsequently, defendant tendered a check to plaintiff for $5,629.95. The accompanying note indicated that acceptance of the payment would be taken as a release of any and all future claims against defendant. On the back of the check was typed the following release and settlement language:

> The endorsement of this check acknowledges full and final settlement of any and all claims of DMI Design and Manufacturing, Inc. against Adac Plastics, Inc. arising out of the Purchase Order issued by DMI Design and Manufacturing, Inc. to Adac Plastics, Inc. for the production of 2,000 window frame s [sic] and interior frame sticks for a ventilating door lite [sic]. The tender of the payment of the amount of this check is not an admission of liability on the part of Adac Plastics, Inc. but is to compromise a disputed claim.

Immediately following this language plaintiff typed the following sentence: "Endorsement of this check *doesn't constitute acceptance* of the above statement." (Emphasis in original.) Plaintiff then negotiated the check.

After several unsuccessful attempts to recover consequential damages, plaintiff filed suit for breach of contract and negligent manufacture of the window frames. The trial court granted summary disposition in favor of defendant and later denied plaintiff's motion for reconsideration.

Defendant's motion for summary disposition was brought pursuant to MCR 2.116(C)(7), formerly GCR 1963, 116.1(5). A motion for summary disposition under this subrule does not test the merits of a claim but rather certain defenses which may make a trial on the merits unnecessary. When

deciding such a motion, the court must accept all well-pled allegations of the nonmoving party as true. In addition, the trial court may consider affidavits submitted by the parties. It is proper to grant a motion for summary disposition only where no factual dispute exists between the parties or where the pleadings show that a party is entitled to judgment as a matter of law. *Fuller v Integrated Metal Technology, Inc,* 154 Mich App 601, 606-607; 397 NW2d 846 (1986); *Remes v Holland,* 147 Mich App 550, 555; 382 NW2d 819 (1985).

In this case, plaintiff asserts that there were actually two separate amounts in dispute: first, there was the cost of the materials supplied by it to defendant as represented on the invoice form (i.e., $5,629.95); and second, there was a claim for unliquidated damages arising out of defendant's alleged breach of contract and negligence in producing the window frames. Plaintiff's position is that defendant's payment applied only to the former amount. When plaintiff cashed the check it meant only to release defendant's obligation as to the invoice amount, not as to any consequential damages.

Defendant responds that the check was tendered in satisfaction of any and all claims that might arise, including that for consequential damages. As support for its position, defendant points to the settlement language contained on the back of its check. The invoice amount was only one part of a damage claim which arose from a single transaction, i.e., the parties' purchase agreement. Since that claim was, as a whole, unliquidated, by cashing the check plaintiff released defendant from further obligations arising under that agreement. This is true regardless of the qualifying endorsement written by plaintiff on the back of the check.

We are convinced that when plaintiff endorsed the check it knew the defendant's intention from reading the release and settlement language as well as from its own efforts to limit the release by adding the statement that endorsement did not constitute acceptance of the terms. In this case, plaintiff's action in negotiating the check speaks louder than plaintiff's words. The fact that plaintiff sent back the previous checks indicates that it knew precisely what it was doing in accepting this check.

Defendant's notation on the check was unambiguous and all-encompassing as to "any and all claims" concerning the window frames. Plaintiff cannot plausibly argue that it did not realize the ramifications of this language. It is simply not possible that defendant meant the payment only as satisfaction of the invoice amount and intended that plaintiff could still claim consequential damages. To permit plaintiff in this case to unilaterally modify defendant's offer of the accord would do violence to general principles of contract law. Plaintiff may not so condition its acceptance. Plaintiff's attempted reservation of rights was ineffective as a matter of law to avoid the accord and satisfaction terms of the check.

Thus, in this case, as in *Fuller, supra,* the proofs show that there is no genuine issue of material fact regarding defendant's contention that plaintiff's claim is barred because of an accord and satisfaction. As the *Fuller* Court recognized, where one party tenders an item in full satisfaction of a claim and the other party accepts the thing tendered, an accord and satisfaction may arise regardless of the lack of an agreement between the parties. If a debtor has adequately expressed his intention that the check be taken as full satisfac-

tion or not at all, the creditor does not obviate the effect of the language merely by crossing out or obliterating the words. See *Deuches v Grand Rapids Brass Co,* 240 Mich 266; 215 NW 392 (1927); *Shaw v United Motors Products Co,* 239 Mich 194; 214 NW 100 (1927). See also *Fuller, supra,* pp 607-610, and cases cited therein.

We do not believe that a meeting of the minds was necessary to establish an accord and satisfaction in this case. We therefore agree with the *Fuller* Court that *Fritz v Marantette,* 404 Mich 329; 273 NW2d 425 (1978), and *Gitre v Kessler Products Co, Inc,* 387 Mich 619; 198 NW2d 405 (1972), cited by plaintiff in the within case are distinguishable from the instant situation. *Fuller, supra,* pp 611-613. Here, as in *Fuller,* there is no jury-submissible question of fact. When defendant tendered the check with explicit and clear conditions accompanying the tender, and when plaintiff accepted the payment, it could no longer be seriously disputed that plaintiff misunderstood the meaning of the tender. While plaintiff sought to make it otherwise by adding the words of reservation, its acceptance of the tender established an accord and satisfaction.

Because the facts of this case are undisputed, the trial court's grant of summary disposition is affirmed.