## TINTINALLI v. TRAVELERS INDEMNITY COMPANY.

### Opinion of the Court.

1. Accord and Satisfaction—Meeting of the Minds.
    A meeting of the minds is a requisite of an accord and satisfaction.

2. Same—Elements.
    An accord and satisfaction would constitute a settlement of a disputed claim, where there is, *first*, an agreement between the parties, an accord, a meeting of the minds of the parties upon the proposition that something new and different be substituted for the existing claims of the parties, and *second*, a satisfaction or at least some legal excuse for not performing and carrying out the accord.

3. Insurance — Negotiations — Accord and Satisfaction — Pleadings.
    Complaint which alleges that claims adjuster and agent of defendant insurance company told plaintiff insured's attorney that defendant would pay plaintiff the sum of $5,000 on her claim, made under uninsured motorist clause of automobile insurance policy, for $10,000, acceptance of the offer by plaintiff, conveyance of the acceptance by plaintiff's attorney to defendant's adjuster, and refusal by the insurance company to pay $5,000, *held*, not to present a question of fact as to an accord and satisfaction, where other counts of the complaint showed that plaintiff submitted her demand against the insurance company to arbitration as provided for by the policy after refusal by the insurance company to pay the offered amount.

---

References for Points in Headnotes

[1, 2] 1 Am Jur 2d, Accord and Satisfaction § 4.
[3, 4] 1 Am Jur 2d, Accord and Satisfaction § 53.
[5, 6] 41 Am Jur, Pleading § 340 *et seq.*

DISSENTING OPINION.

T. G. KAVANAGH, J.

4. PLEADING—COMPLAINT—ACCORD AND SATISFACTION—STATEMENT OF CAUSE OF ACTION.

> Complaint by plaintiff insured against defendant insurance company which alleged the presentment of a claim under a policy of insurance for $10,000, an offer by adjuster and agent of defendant insurance company of settlement for $5,000, acceptance of the offer by plaintiff and conveyance of acceptance to adjuster by plaintiff's attorney, and refusal by insurance company to pay the amount offered, stated a cause of action against defendant.

5. JUDGMENT—SUMMARY JUDGMENT.

> Granting of summary judgment on ground that there was no genuine issue of any material fact held, error, in case in which only proper ground raised by motion for summary judgment was that complaint failed to state a cause of action, and the complaint did state a cause of action (GCR 1963, 117).

6. SAME—ACCELERATED JUDGMENT—JURISDICTION.

> Jurisdictional grounds alleged in defendant's motion for summary judgment, viewed as if properly made on motion for accelerated judgment, would not serve to support accelerated judgment in case where the jurisdictional question raised depended on the existence of an alleged accord and satisfaction, which could only be determined by proof of the fact at a trial (GCR 1963, 116, 117).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 February 6, 1967, at Detroit. (Docket No. 1,718.)   Decided September 19, 1967.

Complaint by Quintina A. Tintinalli against Travelers Indemnity Company, a foreign corporation, and American Arbitration Association, a nonprofit association, for amount alleged to be due under settlement agreement, and in the alternative for correction of an arbitration award. Summary and ac-

celerated judgments for defendants.  Plaintiff appeals.  Affirmed.

*Kenney, Rockwell, Kenney, Chapman & Prather,*
for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin &
Kerr,* for defendant Travelers Indemnity Company.

LESINSKI, C. J.  On December 21, 1963, plaintiff suffered personal injuries in an automobile accident caused by an uninsured motorist.  At the time of the accident plaintiff was covered by a contract of insurance issued by defendant Travelers, which provided that plaintiff had insurance coverage up to the sum of $10,000 for personal injuries sustained through the negligence of an uninsured motorist.  The contract further provided:

"§ 20 — Arbitration—If the insured and company cannot agree as to liability or amount, then upon written demand of either, arbitration shall take place in accordance with the rules of the American Arbitration Association."

Subsequent to the date of the accident, plaintiff, through her attorney, made a demand upon defendant Travelers for payment of $10,000, the full coverage under the insurance contract.  During a telephone conversation in April or May of 1965, Timothy Keenan, claims adjuster and agent of defendant Travelers, told plaintiff's attorney that defendant Travelers would pay plaintiff the sum of $5,000.  The attorney communicated this offer to plaintiff who accepted it, and the acceptance was conveyed by the attorney to Keenan.  Some time thereafter, Keenan advised plaintiff's attorney that Travelers' home office refused to pay the $5,000, but would pay $3,500 instead, or the matter would

be arbitrated under section 20 of the contract. Plaintiff refused to accept the payment of $3,500, and attorneys for defendant Travelers filed a demand for arbitration in accordance with the rules of the American Arbitration Association.

The Association appointed an attorney, Allison L. Scafuri, as arbitrator of the dispute, and on September 30, 1965, a hearing was held. The only issue before the arbitrator was the amount of damages, as the liability of defendant Travelers was conceded. At the hearing, plaintiff offered to prove the $5,000 settlement agreement, but the arbitrator refused to receive any such evidence. Plaintiff testified that her out-of-pocket expenses resulting from the accident amounted to $1,760.27. She also presented testimony that she had sustained pain and suffering and permanent injuries to her right thumb as a result of the accident. Dr. Harold B. Fenech, called by plaintiff, testified that plaintiff's complaints of pain in her right thumb were due to chronic degenerative changes and were not attributable to the accident.

After hearing the testimony and the arguments of counsel, the arbitrator entered an award providing that defendant Travelers pay plaintiff the sum of $1,784.50.

On November 2, 1965, plaintiff filed a petition with defendant Association for reappointment of an arbitrator and for clarification and correction of error in the award. Defendant Association denied the petition because defendant Travelers would not join in the request to reinstate the authority of the arbitrator. On November 26, 1965, plaintiff filed a complaint in the Wayne county circuit court seeking a judgment for $5,000 for breach of settlement agreement, the reappointment of the arbitrator for the purpose of holding a hearing, and an order that the arbitrator be required to explain and make

findings of fact in support of the award he had made, and that any mistake in the award be corrected.

Defendants filed a motion for summary judgment. The court granted the motion and dismissed the cause. Plaintiff appeals.

In order to evaluate the correctness of the trial court's summary judgment, it is necessary to analyze the pleadings.

The complaint had three counts: count 1 alleged a contract of insurance, injuries covered by the contract, a claim under the contract, a settlement agreement and a breach of the agreement. Count 2 reiterated some of the allegations of count 1 and additionally the submission of the claim to an arbitrator, an award by the arbitrator, an assertion of error in the award, a petition for clarification and correction of error, and a denial of such petition. Count 3 reiterated the hearing before the arbitrator and alleged that the award did not specify its findings of fact with regard to plaintiff's claim for pain and suffering and permanent injuries.

Without answering the complaint defendant moved for a summary judgment under GCR 1963, 117, asserting as reasons: (1) the complaint failed to state a cause of action; (2) lack of dispute over which the court has jurisdiction; and (3) the arbitration was final and binding under the contract and hence the court has no jurisdiction. The affidavit in support of the motion recites counsel's opinion that the allegations in the complaint do not entitle the plaintiff to any recovery from the defendants.

The order granting judgment recited that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law.

The grounds asserted in defendant's motion were a combination of the grounds permissible under GCR 1963, 116 and 117.

The record on appeal made herein does not present a question of fact relative to an accord and satisfaction. A "meeting of the minds" has been termed a requisite to an accord and satisfaction. *Obremski* v. *Dworzanin* (1948), 322 Mich 285. What is presented here is a series of negotiations which failed to produce any agreement, followed by arbitration, as described in the opinion. At no time, therefore, did an agreement—much less a contract—exist.

The facts of the instant case do not present a case analogous to *Flanders Co.* v. *Canners' Exchange Subscribers at Warner Inter-Insurance Bureau* (1926), 235 Mich 157, but rather are such as to place this case more accurately within the other category of cases discussed in *Flanders, supra*.

Nothing in the circumstances outlined herein brings the case within the definition set forth in *Stadler* v. *Ciprian* (1933), 265 Mich 252, 262:

"It is necessary in order that an accord and satisfaction may constitute a settlement of a disputed claim, there must have been, *first,* an agreement between the parties,—an accord,—a meeting of the minds of the parties upon the proposition, that something new and different be substituted for the existing claims of the parties; and *second,* there must have been a satisfaction or at least some legal excuse for not performing and carrying out the accord."

Finally, *Blades* v. *Genesee County Drain District No. 2* (1965), 375 Mich 683, is inapplicable. In *Blades,* there was a fact question as to whether the plaintiffs' land would receive an actual benefit from a proposed project, and the Court held that a summary judgment was improperly granted below. Here no fact question was involved.

The other assignment of error made by the plaintiff is without sufficient merit to warrant discussion herein.

The trial court properly granted the motion for summary judgment in favor of defendants.

Affirmed, costs to appellees.

QUINN, J., concurred with LESINSKI, C. J.

T. G. KAVANAGH, J. (*dissenting*). The defendants moved for summary judgment under GCR 1963, 117. The grounds asserted were:

"1. Because the complaint filed by the plaintiff fails to state a cause of action upon which relief can be granted by this court.

"2. Because the pleadings heretofore filed by the plaintiff, together with the affidavit of Samuel A. Garzia hereto attached, disclose that there is no genuine dispute between the parties *over which this court has jurisdiction* and that, therefore, the Travelers Indemnity Company is entitled to a judgment as a matter of law.

"3. That this matter involves an uninsured motorist claim against a policy of insurance issued by the Travelers Indemnity Company, which policy of insurance states that such claims shall be decided by arbitration, in the event of dispute, and that plaintiff did file a petition with the American Arbitration Association for a decision on said uninsured motorist claim and that the arbitrator duly appointed by the American Arbitration Association has rendered a final decision in this matter, and *that under said circumstances,* plaintiff is not entitled to any further relief *nor has the circuit court any jurisdiction* over the *subject matter* of said uninsured motorist claim." (Emphasis added.)

Thus the first ground challenged the sufficiency of plaintiff's complaint. The second and third grounds challenged the court's jurisdiction.

These last two grounds would have been proper only on a motion brought under GCR 1963, 116.

The court's order was based on the theory that "there was no genuine issue of any material fact," which is a proper ground under GCR 1963, 117, but was not even alleged by defendant.

Viewing the complaint in the light most favorable to the plaintiff, against whom the motion was made, I am satisfied that it stated a cause of action. Failure to state cause of action being the only proper ground under Rule 117 which was raised to support the motion, to enter the order on it was error.

Viewing the second and third grounds for the purpose of considering the motion as though made under Rule 116 will not serve to support accelerated judgment either.

The jurisdictional question raised on these grounds can be answered only by the determination of the alleged accord. This can be determined only by proof of the fact at a trial.

Here plaintiff is entitled to her day in court to abide her proofs or failure thereof.

I would reverse and remand for trial.