812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie J. NEWKIRK; Maureen E. Newkirk, Plaintiff-Appellant,
v.
Leslie H. DORSEY, Former Warden, Maryland Penitentiary;
Patricia Schupple, Former Assistant Warden Maryland
Penitentiary; Arnold J. Hopkins, Commissioner of
Correction; Frank A. Hall, Secretary of Public Safety and
Correctional Services; Lawrence Carpenter, Chief of
Security, Maryland Penitentiary; Clarence J. Guienze, Asst.
Commission for Field Operations; James N. Rollins, Director
of Operational Services; Gary N. Hornbaker, Security Staff
Assistant of Operational Services; Melvin Seitenzahl,
Training Coordinator; Thomas A. Rosazza, Executive Director
Maryland Commission on Correctional Standards; Jon P.
Galley, Former Commissioner of Correction; Calvin
Lightfoot, Asst. Secretary of Public Safety and Correctional
Services; Major Hollis Thompson, Senior Security Officer,
Maryland Penitentiary, Defendant-Appellees.
 No. 86-3115.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 2, 1987.
Decided Feb. 24, 1987.
 
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Jonathan Schochor (Philip C. Federico; Kerry D. Staton; Schochor, Federico and Staton, P.A., on brief), for appellants.
 Emory Alvin Plitt, Jr., Assistant Attorney General (Stephen H. Sachs, Attorney General of Maryland, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Plaintiff, a guard at the Maryland Penitentiary, and his wife sued defendant prison officials under 42 U.S.C. Sec. 1983 alleging that defendants recklessly maintained unsafe working conditions such that an inmate stabbed plaintiff causing him serious physical injuries and his wife a loss of consortium. The district court dismissed the complaint. Plaintiffs appeal and we affirm.
 
 
 2
 The district court ruled that plaintiffs' allegations would permit recovery for negligence but that they did not set forth the commission of a constitutional tort. There was no claim of an intentional act causing unintended injury so that, as the district court stated, there was not a constitutional deprivation of a liberty interest under Daniels v. Williams, --- U.S. --- (1986).
 
 
 3
 We agree for the reasons set forth in the district court's memorandum and order. In addition, we are not persuaded that there is a special relationship between prison authorities and guards which render the reckless, but unintentional, conduct of the former a violation of a constitutional right. See Washington v. District of Columbia, 802 F.2d 1478 (D.C.Cir.1986); Walker v. Rowe, 791 F.2d 507 (7 Cir.1986).
 
 
 4
 The district court also ruled that even if plaintiffs alleged the commission of a constitutional tort, the Maryland Workers Compensation Act provided a complete remedy so that an action would not lie under Sec. 1983. In view of our conclusion that plaintiffs did not allege the commission of a constitutional tort, we do not reach this issue and we express no view thereon.
 
 
 5
 AFFIRMED.