**Denise Marie WHITTON, Plaintiff,**

v.

**CITY OF HOUSTON, et al., Defendants.**

**Civ. A. No. H–86–2771.**

United States District Court, S.D. Texas, Houston Division.

Nov. 9, 1987.

**138**

Albert S. Low, Jr. P.C., Houston, Tex., for plaintiff.

Murray E. Malakoff, Asst. City Atty., Legal Dept., Houston, Tex., for defendants.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court are Defendants' alternative motions to dismiss for failure to state a claim and for summary judgment. For reasons stated below, it is the opinion of the Court that Defendants' motion for summary judgment should be granted in part, and that this action should be dismissed.

### Background

The facts of this case, viewed in a light most favorable to Plaintiff, appear to be as follows: On July 21, 1984, Plaintiff attempted suicide by drug overdose. Defendants Kevin P. Muery and Terry M. Senyaeve, Houston Fire Department Emergency Medical Service personnel, were summoned and responded to the call to assist Plaintiff. Defendants arrived, misdiagnosed the severity of Plaintiff's condition, and released her to the care and custody of a minor relative without first having administered proper medical treatment. Plaintiff subsequently lost consciousness and lapsed into respiratory arrest, a condition which could have been avoided had Defendants promptly transported her to an emergency medical facility. Defendants' omissions thus resulted in Plaintiff's incurring additional pain and suffering and additional medical costs.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, claiming that Defendants Muery and Senyaeve, by their arbitrary failure to render emergency medical care under color of state law, violated her liberty interest under the due process clause to be free from bodily injury. Plaintiff also names as Defendants the City of Houston, the acting fire chief, and the head of the Houston Fire Department ambulance service, claiming that the constitutional violation resulted from a custom, policy, or practice of the municipality. In addition, Plaintiff alleges various pendent state law claims based on negligence and *respondeat superior*.

### Discussion

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Defendants argue on motion for summary judgment that they owed Plaintiff no constitutional duty to provide emergency medical care or treatment. Alternatively, if such a duty existed, Defendants contend that Plaintiff's constitutional rights were not so clearly established at the time of the alleged violation as to overcome Defendants' qualified immunity. Because the Court agrees that Plaintiff has suffered no deprivation of constitutional

rights as a result of Defendants' alleged omissions, the immunity issue will not be reached.

### A. *Claim Under 42 U.S.C. § 1983*

It is well established that 42 U.S.C. § 1983 does not itself create substantive rights; it merely provides a remedy for federal rights established elsewhere. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). To sustain an action based on Section 1983, Plaintiff must establish two elements: (1) that Defendants deprived her of a right secured by the Constitution or laws of the United States; and (2) that the Defendants were persons acting under color of state law, custom, or usage. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Thus, Section 1983 does not provide a remedy for "any and all injuries inflicted by persons acting under color of state law." *Washington v. District of Columbia,* 802 F.2d 1478, 1480 (D.C.Cir.1986). The deprivation must be of constitutional magnitude.

In *Wideman v. Shallowford Community Hospital, Inc.,* 826 F.2d 1030 (11th Cir. 1987), the question of whether there is a constitutional right to state-provided medical care arose in the context of a § 1983 action brought for injuries allegedly resulting from a county's policy of using emergency vehicles to transport patients only to county hospitals and not to privately-owned hospitals, even if so requested by a patient's doctor. *Id.* at 1031. This question does not appear to have arisen in the Fifth Circuit, but the *Wideman* opinion thoroughly surveys the applicable federal jurisprudence, concluding that no such general right exists. *Wideman* does note, however, that the "existence of a 'special custodial or other relationship' between an individual and the state may trigger a constitutional duty on the part of the state to provide certain medical and other services." *Id.* at 1034. The contours of this special relationship are "hazy and indistinct," *Id.* at 1035 (quoting *Ellsworth v. City of Racine,* 774 F.2d 182, 185 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986)), but the court found certain general guidelines to be discernable:

> The key concept is the exercise of coercion, dominion, or restraint by the state. The state must somehow significantly limit an individual's freedom or impair his ability to act on his own before it will be constitutionally required to care and provide for that person.

*Id.* at 1035–36.

In the present case, Plaintiff has no more claim to the entitlements of such a "special relationship" than the injured party in *Wideman.* The City of Houston did not exercise any degree of coercion, dominion, or restraint over her sufficient to impose on the City a constitutional duty to provide her with the medical treatment. Her physical condition was the product of her own action, not the City's, and did not occur while she was in City custody and control.

Plaintiff attempts to distinguish *Wideman* by arguing that the City's preemption of emergency ambulance service *ipso facto* creates this special custodial relationship. This Court notes, however, that a similar argument was made in *Jackson v. Byrne,* 738 F.2d 1443 (7th Cir.1984). There it was held that the city of Chicago had no constitutional obligation to provide fire-fighting services to its citizens, and thus could not be liable for failure to respond because of a labor strike. Significantly, the court rejected the argument that the city acquired a constitutional duty to provide the service once it established itself as the provider of the fire protection. *Id.* at 1447. As the *Byrne* court maintained, to find such a duty "would open the way for scrutiny by the federal courts of every municipal decision to reallocate protective services. Neither the Fourteenth Amendment nor Section 1983 was meant to give the federal courts such a role." *Id.* Accordingly, although Defendants' conduct in the present case arguably constitutes a tort cognizable under state law, it fails to rise to a constitutional deprivation of liberty without due process. *See Bradberry v. Pinellas County,* 789 F.2d 1513 (11th Cir.1986).

### B. *Pendent State Claims*

The Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) stated that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," and set out relevant considerations in exercising that discretion. The *Gibbs* Court asserted flatly that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. Accordingly, it is

ORDERED that Defendants' motion for summary judgment is GRANTED in part, and that Plaintiff's action brought pursuant to 42 U.S.C. § 1983 is DISMISSED with prejudice. It is also

ORDERED that Plaintiff's state law claims arising out of facts made the basis of this suit are DISMISSED without prejudice.