NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0581n.06

No. 11-5531

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JACK BURKE, JR.,      )
            )
 Plaintiff-Appellant,    )
            )
v.            )
            )
BRADLEY COUNTY GOVERNMENT; )
SHERIFF TIM GOBBLE, In his individual ) ON APPEAL FROM THE
and official capacity; CAPTAIN GABRIEL ) UNITED STATES DISTRICT
THOMAS, In his individual and official ) COURT FOR THE EASTERN
capacity; SGT. KEITH HIXSON, In his ) DISTRICT OF TENNESSEE
individual and official capacity,   )
            )
 Defendants-Appellees,   )
            )
JASON FINT,       )
            )
 Defendant.       )
            )

FILED

*Jun 05, 2012*

LEONARD GREEN, Clerk

BEFORE: KEITH, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. Jack Burke, Jr., a Tennessee citizen, appeals the grant of summary judgment for defendants in his civil rights action.

Burke, who worked as a corrections officer at the Bradley County jail, filed a complaint against Bradley County, the sheriff, two of his supervisors, and an inmate. Burke alleged that, on October 17, 2009, he was assaulted by the inmate. He alleged that his assault was made possible by county policies of understaffing the jail and failing to train the staff. Moreover, he alleged that defendant Hixson, who had been informed that the inmate threatened Burke's life, nevertheless

ordered Burke to enter the inmate's cell. Burke alleged that defendants violated the Tennessee Human Rights Act as well as his federal civil rights. The complaint, which was originally filed in state court, was removed to the federal district court.

The county defendants moved for summary judgment on the ground that Burke's exclusive remedy against them was under the Tennessee Workers' Compensation Act, under which he already was collecting benefits. The district court granted the motion and remanded the claim against the inmate to the state court. This appeal followed. Burke argues that the district court erred in concluding that he did not have a claim for a substantive due process violation under the state-created danger theory, or a claim under the Tennessee Human Rights Act, in addition to his workers' compensation remedy.

De novo review of the record shows that defendants were properly granted summary judgment, because there is no genuine issue and defendants were entitled to judgment as a matter of law. *See Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir. 2002).

Under Tennessee law, workers' compensation is the exclusive remedy for an employee injured during the course of his work. Tenn. Code Ann. § 50-6-108(a); *Mathis v. Bowater, Inc.*, 985 F.2d 277, 278-79 (6th Cir. 1993). An exception is made in cases in which the employer actually intended to injure the employee. *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 48 (Tenn. Ct. App. 1993). Burke did not present evidence that the county defendants actually intended for the inmate to assault him.

In order to prove a claim under the state-created danger theory recognized by this circuit in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998), it must be shown that a government actor increased a risk to a plaintiff who was especially endangered and that the

government actor had the requisite degree of culpability. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). In the case of a voluntary employment relationship, this requires a showing of intentional harm, similar to the exception to the exclusive-remedy doctrine. *See id.* at 538, 543-44. For the same reason, therefore, Burke failed to demonstrate a genuine issue as to this element of his claim.

Finally, although Burke cited to the Tennessee Human Rights Act, he alleged no facts that would demonstrate that he was subject to employment discrimination in order to have a claim under that Act. Tenn. Code Ann. § 4-21-101(a).

Accordingly, the district court's judgment is affirmed.