NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0117n.06

No. 14-1951

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 09, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL SCOTT PICKLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| KEITH MCCONNELL, Captain, | ) | |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; GWIN, District Judge.[*]

JULIA SMITH GIBBONS, Circuit Judge. Michael Pickle appeals the grant of summary judgment to the defendant on his substantive due process claim.

Pickle, a Michigan corrections officer, was attacked and seriously injured while attempting to transfer a violent inmate to a special segregation unit within the prison. In a state court action for damages under 42 U.S.C. § 1983, Pickle claimed that the attack would not have happened if his superior, Captain Keith McConnell, had followed the prison's established security protocols. Specifically, Pickle alleged that McConnell should have had more officers present, should have had protective gear and tasers on hand, and should have had the inmate strip-searched before entry to the segregation unit. McConnell removed the case to federal

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

district court, where the judge granted him summary judgment after concluding that Pickle could show neither a constitutional violation nor a clearly established constitutional right. Pickle argues before this court that he has at least arguably shown a violation of his substantive due process rights under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).

*DeShaney* barred recovery against a State for failure to protect one's life, liberty, or property against private actors, unless the plaintiff meets one of two exceptions. The first exception requires the claimant to have been in the State's custody and does not apply here. *See Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 910–11 (6th Cir. 1995); *see also Washington v. District of Columbia*, 802 F.2d 1478, 1482 (D.C. Cir. 1986) ("Prison guards, unlike the prisoners in their charge, are not held in state custody."). The second exception, termed the "state-created danger" doctrine, requires the plaintiff to show three things:

> (1) an affirmative act by the State that either created or increased the risk that the plaintiff would be exposed to private acts of violence; (2) a special danger to the plaintiff created by state action, as distinguished from a risk that affects the public at large; and (3) the requisite state culpability to establish a substantive due process violation.

*Jasinski v. Tyler*, 729 F.3d 531, 539 (6th Cir. 2013) (internal quotation marks omitted).

Because corrections officers voluntarily enter into employment with the State and assume the risk of an inherently dangerous job, we have expressed a willingness to find the "requisite state culpability" only where the State acted with intent to injure the officer. *See Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 538–39 (6th Cir. 2008) (citing *Nobles v. Brown*, 985 F.2d 235, 237–38 (6th Cir. 1992); *Washington*, 802 F.2d at 1482; *Walker v. Rowe*, 791 F.2d 507, 510 (7th Cir. 1986)); *see also Burke v. Bradley Cnty. Gov't*, 478 F. App'x 994, 995 (6th Cir. 2012) (per curiam). Here, McConnell's conduct identified in the record and

complaint simply does not suggest intent to injure Pickle. If anything, McConnell's attempt to help Pickle during the attack, in which he himself suffered some injury, strongly suggests the opposite. Even granting Pickle's allegations that McConnell failed to adhere to prison security procedures, these errors are likely mere negligence and gross negligence at worst. *Cf. Nobles*, 985 F.2d at 238 (finding no intent to injure where "[t]he defendants . . . did not kill or injure the guards; prisoners did . . .") (internal quotation marks omitted); *Rios v. City of Del Rio*, 444 F.3d 417, 423–24 (5th Cir. 2006) (applying *DeShaney* to foreclose a claim by guards injured during an attempted escape who asserted only gross negligence); *de Jesus Benavides v. Santos*, 883 F.2d 385, 388 (5th Cir. 1989) (same). Consequently, Pickle has no way to establish the requisite culpability required for his substantive due process claim, now or at trial.

We therefore **AFFIRM** the judgment of the district court.