# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL SCOTT PICKLE,

    Plaintiff-Appellee,

v

CAPTAIN KEITH MCCONNELL,

    Defendant-Appellant.

UNPUBLISHED
September 15, 2016

Nos. 327305; 327312
Lenawee Circuit Court
LC No. 13-004913-NO

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

In Docket No. 327305, defendant appeals by leave granted an order denying his motion for summary disposition which asserted that plaintiff's claims were barred by the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. In Docket No. 327312, defendant appeals by right the same order denying his motion for summary disposition which also asserted that he was entitled to immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. We reverse and remand for entry of judgment in defendant's favor.

Plaintiff and defendant were correctional officers and suffered injuries when they were assaulted by a prisoner after his restraints were removed on defendant's order. On the day of the assault, defendant was plaintiff's shift commander and it was known that the prisoner had assaulted another officer earlier that day and had also attempted to swallow a razor. The prisoner had been restrained by leg irons and a belly chain, and was wearing a bite mask to prevent him from biting people.

Subsequently, plaintiff brought this action against defendant. In Count I, plaintiff alleged a violation of 42 USC § 1983, averring that his constitutional right to be free from state-created dangers was violated as a consequence of defendant's failure to follow established prison protocols and his order to remove the prisoner's restraints. In Count II, plaintiff alleged an intentional tort under MCL 418.131(1) (exception to the exclusive remedy provision of the WDCA) and MCL 691.1407(3) (exception to governmental immunity under the GTLA) premised on defendant ordering plaintiff to remove the prisoner's restraints in violation of established prison protocols designed to maintain safety. In Count III, plaintiff alleged a claim of intentional infliction of emotional distress, stating: "Defendant's conduct, by intentionally, unreasonably, and deliberately refusing to follow established correctional facility protocol went beyond all possible bounds of decency and was intended to, and did, cause emotional distress."

-1-

Defendant removed the action to federal court based on the § 1983 claim, and sought summary judgment of the claim. The federal district court granted the motion, holding that defendant was entitled to qualified immunity because the facts alleged by plaintiff did not demonstrate that defendant had a specific intent to injure him; thus, the case sounded in negligence and not a constitutional violation under § 1983. *Pickle v McConnell*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued June 27, 2014 (Docket No. 14-10208); slip op 11-12. After declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, the matter was remanded to the trial court.[1] *Id.* at 14.

After remand to the trial court, defendant moved for summary disposition of the intentional tort and intentional infliction of emotional distress claims pursuant to MCR 2.116(C)(7) (barred claim) and (C)(10) (no genuine issue of material fact). Defendant argued that the federal court's determination that the facts and evidence established "at best, a claim sounding in negligence," was binding on the trial court and dispositive of plaintiff's intentional tort claims by application of collateral estoppel. That is, plaintiff's claims were barred by the exclusive remedy provision of the WDCA because, at most, plaintiff could only establish negligence. Further, defendant argued that he was entitled to qualified immunity under the GTLA as set forth in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).[2] That is, when plaintiff was injured, defendant was acting within the course of his employment as a correctional officer, in good faith—not maliciously—and was performing a discretionary act, i.e., an act that required decision-making and the exercise of judgment with regard to restraining a prisoner. Defendant also argued that plaintiff's intentional infliction of emotional distress claim must be dismissed because defendant's conduct was at most negligent, not extreme and outrageous.

Plaintiff responded, arguing that collateral estoppel did not apply because the federal district court specifically noted that it was not ruling on the state-law claims, and no discovery had occurred so plaintiff did not have a full and fair opportunity to litigate the state-law claims. Further, plaintiff argued, he had a viable claim under the intentional tort exception to the exclusive remedy provision of the WDCA because genuine issues of material fact existed with regard to whether defendant had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. And, plaintiff argued, he had a viable intentional tort claim under the GTLA because defendant was his superior officer and was performing a ministerial act when he issued the order to remove the prisoner's restraints in reckless disregard and indifference for plaintiff's safety. Moreover, genuine issues of material fact existed as to whether defendant's actions were extreme and outrageous to an average member of the community. In his supplemental brief, plaintiff reiterated that defendant committed an intentional tort—which is excepted from the WDCA exclusive remedy provision—because he ordered the removal of the prisoner's restraints although an injury was certain to occur

---

[1] The Sixth Circuit Court of Appeals subsequently affirmed the district court's decision. *Pickle v McConnell*, 592 Fed Appx 493, 494 (CA 6, 2015).

[2] See *Odom v Wayne Co*, 482 Mich 459, 461-462; 760 NW2d 217 (2008).

considering both the prisoner's history of assaulting officers and the violations of the prison's established procedures.

Following oral arguments, the trial court denied defendant's motion for summary disposition, holding that the federal court remanded the state-law claims to the trial court; collateral estoppel did not apply; discovery had not been conducted; and there were fact issues that needed "to both be discovered and presented to the trier of fact." Accordingly, the trial court entered an order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Thereafter, as set forth above, defendant filed his application for leave to appeal, as well as his appeal by right, challenging the order denying his motion for summary disposition. This Court entered an order granting defendant's application for leave to appeal and consolidated it with defendant's appeal by right. *Pickle v McConnell*, unpublished order of the Court of Appeals, entered October 2, 2015 (Docket Nos. 327305, 327312).

Defendant argues that his motion for summary disposition should have been granted because the federal courts' opinions holding that he had no intent to injure plaintiff and, at worst, acted negligently, were binding on the trial court by application of collateral estoppel; thus, plaintiff's intentional tort claims were barred by the exclusive remedy provision of the WDCA. We agree.

We review de novo a trial court's decision on a motion for summary disposition. *Davis v Detroit*, 269 Mich App 376, 378; 711 NW2d 462 (2006). A court reviewing a motion brought under MCR 2.116(C)(7) "considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013). "A motion for summary disposition under this subrule does not test the merits of a claim but rather certain defenses which may make a trial on the merits unnecessary." *DMI Design & Mfg, Inc v Adac Plastics, Inc*, 165 Mich App 205, 208; 418 NW2d 386 (1987). Thus, summary disposition may be granted under subrule (C)(7) if a claim is barred by collateral estoppel based on a prior judgment. *Eaton Co Bd of Rd Comm'rs v Schultz*, 205 Mich App 371, 375-376; 521 NW2d 847 (1994). The applicability of collateral estoppel is also reviewed de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008).

"Collateral estoppel, or issue preclusion, precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001). Collateral estoppel promotes comity between Michigan and federal courts and reduces unnecessary litigation. *Allen v McCurry*, 449 US 90, 95-96; 101 S Ct 411; 66 L Ed 2d 308 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* at 94. Collateral estoppel prevents inconsistent decisions and encourages reliance on adjudication. *Monat v State Farm Ins Co*, 469 Mich 679, 692-693; 677 NW2d 843 (2004) (citation omitted).

Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel. [*Id*. at 682-684, quoting *Storey v Meijer, Inc*, 431 Mich 368, 373 n 3; 429 NW2d 169 (1988) (internal quotation marks and footnote omitted).]

In this case, the federal district court dismissed plaintiff's § 1983 claim which was based on defendant's alleged violation of his substantive due process right to be free from state-created dangers when defendant failed to follow established prison protocols and when he ordered plaintiff to remove the prisoner's restraints. Defendant had moved for summary judgment raising the defense of qualified immunity, which is available to a government official unless, in the course of performing a discretionary function, a plaintiff's clearly established constitutional right was violated. *Jones v Byrnes*, 585 F3d 971, 974 (CA 6, 2009). Thus, the issue was whether defendant was entitled to qualified immunity as to plaintiff's § 1983 claim. In that regard, the federal district court noted that it must first determine whether the challenged conduct violated a constitutional right. *Pickle*, unpub op of ED Mich; slip op at 8-9. And to give rise to a substantive due process violation, plaintiff had to demonstrate an intentional injury or arbitrary conduct designed to punish. *Id*. at 11 (citations omitted). The court concluded that the facts alleged by plaintiff "amount to, at best, a case sounding in negligence and not a constitutional violation under § 1983." *Id*. at 12. Thus, defendant was entitled to qualified immunity because his challenged conduct did not violate plaintiff's constitutional right, i.e., plaintiff did not demonstrate that defendant had a specific intent to injure to him or that he even acted with deliberate indifference. *Id*. at 11-12. Subsequently, the Sixth Circuit affirmed that defendant's "conduct identified in the record and complaint simply does not suggest intent to injure [plaintiff]." *Pickle v McConnell*, 592 Fed Appx 493, 494 (CA 6, 2015). The Sixth Circuit noted that defendant's attempt to help plaintiff during the attack, in which he also suffered injury, strongly suggested the opposite intent. *Id*. And, the court held, even if defendant failed to adhere to prison security procedures, such errors were "likely mere negligence and gross negligence at worst." *Id*.

Similarly, the WDCA provides that it is the exclusive remedy for employees injured during the course of their employment, even as a consequence of the negligent acts of the employer or a coemployee, unless the intentional tort exception applies. See MCL 418.131(1); *Harris v Vernier*, 242 Mich App 306, 309-310; 617 NW2d 764 (2000). In that regard, MCL 418.131(1) provides:

An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court.

The dispositive fact issue, then, with respect to both the application of qualified immunity and the application of the WDCA's exclusive remedy provision was whether defendant acted with the intent to injure plaintiff. While there is some language disparity between the standards, they

are substantially similar in substance for us to conclude that the issue whether defendant intended to injure plaintiff was conclusively decided and, thus, defensive collateral estoppel applies. See *Barrow v Pritchard*, 235 Mich App 478, 484-485; 597 NW2d 853 (1999).

As discussed above, the federal courts clearly found that defendant did not act with the specific intent to injure plaintiff. Likewise, an intent to injure cannot be inferred because the federal courts also determined that defendant's actions sounded in negligence and that he did not act with "deliberate indifference," which negates a finding that defendant willfully disregarded actual knowledge that an injury was certain to occur. See *Travis v Dreis & Krump Mfg Co*, 453 Mich 149, 178-179; 551 NW2d 132 (1996). Therefore, a question of fact essential to the federal judgment—whether defendant had the intent to injure plaintiff—was actually litigated and determined by a valid and final judgment. See *Monat*, 469 Mich at 682-684. Further, both plaintiff and defendant had a full and fair opportunity to litigate the issue, and both parties were mutually estopped by the federal decisions. See *id*. Therefore, the doctrine of collateral estoppel barred plaintiff from relitigating the issue whether defendant specifically intended to injure him for purposes of the intentional tort exception to the exclusive remedy provision of the WDCA.

While plaintiff argues that the federal district court did not decide the state-law claims, a refusal of a federal court to exercise supplemental jurisdiction over state-law claims does not preclude the application of collateral estoppel because collateral estoppel is *issue* preclusion and not *claim* preclusion. See *Ditmore*, 244 Mich App at 577. Thus, the fact that the federal courts decided the issue of defendant's intent to injure is sufficient to invoke collateral estoppel.

Based on our determination that collateral estoppel bars plaintiff's intentional tort claims, which are all premised on defendant's alleged failure to follow established prison protocols and his order to remove the prisoner's restraints, we need not consider whether the trial court also erred in denying defendant's motion for summary disposition on the basis of governmental immunity. Nevertheless, we reviewed the trial court's decision and conclude that the trial court erred. As explained in *Odom v Wayne Co*, 482 Mich 459, 480; 760 NW2d 217 (2008), a governmental employee may be immune for intentional torts if he satisfies the following elements:

> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial. [*Id*., citing *Ross*, 420 Mich at 633-634.]

In this case, plaintiff does not contest the first element, but challenges the second and third elements. However, plaintiff is barred by collateral estoppel from successfully arguing that defendant acted with malice. The federal district court held that defendant did not intend to injure plaintiff; that defendant did not engage in "arbitrary conduct intentionally designed to punish" plaintiff; that defendant did not engage in conscious-shocking behavior; and that

defendant did not act with deliberate indifference to plaintiff's rights. *Pickle*, unpub op of ED Mich; slip op at 11-12. It held that, at best, defendant's actions were negligent. *Id.* The Sixth Circuit affirmed, finding that the facts as alleged by plaintiff did not suggest that defendant had the intent to injure plaintiff. *Pickle*, 592 Fed Appx at 494. The Sixth Circuit held that defendant's failure to adhere to prison security procedures was "likely mere negligence and gross negligence at worst." *Id.* Because there is a previous final judgment holding that defendant did not act with intent to harm or with deliberate indifference to plaintiff's rights, courts are collaterally estopped from finding that defendant acted with malice. See *Allen*, 449 US at 94 ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."). Thus, the second of the *Ross* elements is satisfied. See *Odom*, 482 Mich at 480.

Further, plaintiff is barred by collateral estoppel from successfully arguing that defendant's acts were ministerial as opposed to discretionary. The federal courts held that defendant was entitled to qualified immunity. "Under the doctrine of qualified immunity, governmental officials, including police officers, are immune from civil liability unless, in the course of performing their *discretionary* functions, they violate the plaintiff's clearly established constitutional rights." *Pickle*, unpub op of ED Mich; slip op at 2. Thus, the challenged actions performed by defendant were discretionary in nature, not ministerial, and the third *Ross* element was satisfied. Accordingly, defendant was also entitled to qualified immunity under the GTLA and the trial court erred in denying his motion for summary disposition. See *Odom*, 482 Mich at 473.

Reversed and remanded to the trial court for entry of judgment in defendant's favor. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood